MALBON *versus* SOUTHARD.

The consideration of a negotiable promissory note, cannot be inquired into, in the hands of an innocent indorsee, for value.

A negotiable note, transferred before it became payable by delivery only, may be indorsed by the administratrix of the payee after his death, with the same effect, as if done personally by the payee.

Where one, not otherwise a party to a note, puts his name upon the back before it is delivered to the payee, at the request of the maker, he thereby becomes an original promissor.

And *such relation* is not changed or varied, although he adds to his name the words " responsible without demand or notice."

ON FACTS AGREED.

ASSUMPSIT, on a note of the following tenor : —

" Gardiner, Sept. 6, 1850. — For value received I promise to pay to the order of Levi Higgins the sum of one thousand dollars, in twelve months from date, at the Gardiner Bank, in Gardiner, interest after six months.     " Charles Baker."

The consideration of the note was for a quantity of lumber lying in Kennebec river at Richmond, which the payee refused to sell to Baker on his own responsibility, and Baker thereupon procured the defendant to put his name on the back of said note, which he did, before it was delivered to the payee.   On the next day subsequent to the date of the note, the defendant also added to his name " responsible without demand or notice."

In October, 1850, Levi Higgins sold the note to plaintiff for value, but omitted to indorse it through carelessness.

In January, 1851, Higgins died, and Charlotte Higgins was appointed administratrix on his estate, and she indorsed the note as such in May, 1851.

When the note became due, payment was demanded at the bank, and being refused was properly protested.

On these facts, if the action was not maintainable a nonsuit was to be entered, otherwise the defendant to be defaulted, unless he may legally introduce evidence to show that the payee in said note misrepresented the value, quality and quan-

tity of the lumber which was the consideration of the note; in that case the action to stand for trial.

_D. D. Stewart_, for the plaintiff, to the point that the defendant was chargeable as an original promisor, cited, 11 Mass. 436; 19 Pick. 260; 24 Pick. 64; 31 Maine, 536. And that the administratrix had power to indorse the note, Story on Prom. Notes, § § 120, 123.

_J. S. Abbott_, for defendant.

1st. The contract is a guaranty and is not negotiable. _True_ v. _Fuller_, 21 Pick. 140; _Springer_ v. _Hutchinson_, 19 Maine, 359.

2d. The misrepresentations of the payee, proposed to be proved, show fraud in the inception of the note, and this fraud would constitute a good defence, unless the holder can show that he came fairly by the note and without any knowledge of the fraud. _Aldrich_ v. _Warren_, 16 Maine, 465.

HOWARD, J. — The note in this case was negotiable, and was transferred before it became payable, by the payee to the plaintiff, by delivery, and for value. The indorsement by the administratrix of the payee, after his death, would have the same effect upon the negotiability of the note, as if made by him.

Upon the death of the holder, the right of transfer of negotiable paper vests in his personal representative, as well as the power to indorse, and perfect the negotiation of such paper previously transferred by him without indorsement. _Rawlinson_ v. _Stone_, 3 Wils. 1; same case, cited as _Robinson_ v. _Stone_, 2 Stra. 1260; Chitty on Bills, 201, (11th ed.) 237; Story on Prom. Notes, § § 120, 123.

There is no evidence that the plaintiff was apprised of any matter tending to discredit the note, or which would constitute a defence to any portion of it. He must, therefore, be regarded as an innocent indorsee, and _bona fide_ holder for value, and the supposed defence is not available, as against him.

By placing his name upon the back of the note, when not

otherwise a party to it, before it was delivered to the payee, and by request of the maker, he became an original promisor ; unless the addition of the words " responsible without demand or notice," change the character and legal import of his indorsement. It is not perceived that they can have that effect. For, without the addition of those words he became responsible, without demand or notice, by presumption of law, and with it, the responsibility was expressed, in part, but not changed.    *Colburn* v. *Averill*, 30 Maine, 310 ; *Irish* v. *Cutter*, 31 Maine, 536 ; Story on Prom. Notes, $\S$ 58, and cases cited by the author, and by the plaintiff.    The liability of the defendant is, therefore, that of a joint and several promisor.

*Defendant defaulted.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.